776 P.2d 805

**ALPHAGRAPHICS FRANCHISING, INC., an Arizona corporation, Plaintiff/Appellee,**

**v.**

**Dennis Lee REEDER and Jan L. Reeder, husband and wife, Defendants/Appellants.**

**No. 2 CA–CV 88–0304.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1989.

Carol Wilson, Tucson, for plaintiff/appellee.

Richard R. Forcier, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's confirmation of an arbitration award and entry of judgment for Alpha-Graphics Franchising, Inc.

Appellants owned two AlphaGraphics stores in Utah. The franchise agreements for both stores provided for arbitration in the event of a dispute between the parties. Arbitration was to be conducted in Tucson, and Arizona law would govern.

Appellants filed suit against Alpha-Graphics and its master licensor for Utah. The Utah court granted AlphaGraphics' motion to stay the proceedings and referred the matter to arbitration as required by the franchise agreements. Arbitration was conducted in Tucson and an award issued in favor of AlphaGraphics against appellants. Appellants filed a motion in the Utah court to vacate the arbitration award. AlphaGraphics filed an application to confirm the award in Pima County Superior Court with no mention made of the pending proceedings in the Utah court. The district court for Salt Lake County, Utah, vacated a portion of the award and ordered further arbitration. The Pima County Superior Court, over appellants' motion to dismiss in view of the pending Utah action, confirmed the award and entered judgment for AlphaGraphics. As ordered by the Utah court, further arbitration was conducted.

Appellants argue that the Arizona superior court lacked personal jurisdiction over them and therefore could not enter judgment confirming the award. Alternatively, they argue, if personal jurisdiction existed, the Arizona court abused its discretion in not affording comity to the Utah court which had ordered the arbitration and before which the award was already pending. We agree with appellants' second argument and reverse.

The Pima County Superior Court had jurisdiction. The question is, whether it should have exercised that jurisdiction or deferred to the District Court of Salt Lake County, Utah.

The Utah court had jurisdiction over the parties. Appellants and appellee had appeared before the court and did not contest its jurisdiction. Appellee invoked the jurisdiction and protection of the Utah court when it filed a motion seeking an order to enforce the arbitration provision of the franchise agreements. The court stayed the proceedings before it and ordered that the parties arbitrate. Arbitration was conducted in accordance with the Utah court order, and when the award was issued, appellants returned to the Utah court and filed a motion requesting the court to rule on the award. While that motion was under consideration, appellee filed a motion in Pima County Superior Court seeking confirmation of the arbitration award.

The Utah court ordered that a part of the arbitration award be confirmed, part vacated and that further arbitration be conducted. Subsequently, the Arizona court confirmed the award in its entirety and signed the judgment which is the subject of this appeal. The arbitrators responded to the order of the Utah court, conducted further arbitration and issued an amended award. As a result of the court orders, the parties are faced with inconsistent judgments.

As noted above, both courts had personal jurisdiction over appellants and appellee. The mere fact that the arbitration was conducted in Arizona did not divest the Utah court of jurisdiction to rule on the award.

In order to avoid the possibility of conflicting judgments, such as occurred here, we believe the better rule to be that the court which has jurisdiction over the underlying dispute between the parties and has stayed the proceedings and ordered arbitration should be the court to which the parties first turn for any rulings on the arbitration award, regardless of where the arbitration was conducted. This procedure is not intended to divest the courts of the state where the arbitration is conducted of their jurisdiction to act if the court before which the parties first appeared for some reason chooses not to rule on the award. Where there is no ongoing suit between the parties in another jurisdiction, the state in

which the arbitration is conducted has exclusive jurisdiction to rule on the award.

Authority that a court ordering arbitration pursuant to the terms of a contract retains jurisdiction to rule on the award is found in *Foley Co. v. Grindsted Products, Inc.*, 233 Kan. 339, 662 P.2d 1254 (1983). There the lawsuit was filed in Kansas, but arbitration, under the terms of the parties' agreement, was conducted in Missouri. There, as here, the defendant in the initial action sought a stay of the proceedings and requested the Kansas court to order arbitration. After the arbitration award was issued, the defendant challenged the jurisdiction of the Kansas court to rule on the award because the arbitration was conducted in Missouri. The Kansas Supreme Court affirmed the jurisdiction of the trial court, finding that the trial court had jurisdiction when it ordered arbitration and retained jurisdiction to rule on the award. "An award made in the jurisdiction agreed on, after proceedings duly had in accordance with the laws of that jurisdiction, will be enforced elsewhere.... A valid award made in one state is enforced by an action brought in another state under rules of comity...." 5 Am.Jur.2d Arbitration and Award § 153 (1962).

The Utah court had jurisdiction to rule on the award and there was a motion pending before that court when appellee sought to involve the courts of Arizona in the dispute. To avoid inconsistent judgments, such as eventually occurred, and under the rules of comity, the Pima County Superior Court should have deferred to Utah. Moreover, having submitted to the jurisdiction of Utah and having participated in the proceedings before that court, we believe AlphaGraphics is estopped from invoking the jurisdiction of the Arizona court. Reversed.

LIVERMORE, P.J., and HOWARD, J., concur.